IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDJELEDEIRA MELENDEZ RIVERA [11],<br><br>Defendant. | CRIM. NO. 15-561 (JAG) |

MEMORANDUM & ORDER

GARCIA-GREGORY, D.J.

　　Before the Court is a Motion to Suppress filed by Defendant Edjeledeira Melendez Rivera ("Defendant"). Docket No. 650. The Government timely responded. Docket No. 675. The motion was referred to Magistrate Judge Carreño-Coll. Docket No. 651. On December 1, 2016, the Magistrate held a suppression hearing. Docket No. 781. The Magistrate issued a Report and Recommendation ("R&R") on January 31, 2017 recommending that Defendant's Motion to Suppress be denied. Docket No. 786. Defendant filed objections to the R&R. Docket No. 844. The Government filed a timely response. Docket No. 875. After considering Defendant's objections, and upon *de novo* review, the Court hereby ADOPTS the Magistrate's R&R and DENIES the Motion to Suppress.

　　Defendant's objections mainly call into question several of the Magistrate's factual findings that turn mostly on the Magistrate's credibility determinations. Docket No. 844. In particular, he objects to 1) the Magistrate's omission of the word "criminal" when characterizing the United States Department of Education, Office of the Inspector General's investigation, and instead referring to it as "an investigation involving fraud in the use of federal funds in the educational services programs"; 2) the Magistrate's refusal to find that Special Agents Robert

Crim No. 15-561 (JAG)                                                                                           2

Wolfe ("Agent Wolfe") and Priscilla Resto were both armed when they arrived at Burger King; 3) the Magistrate's finding that Defendant recanted her initial testimony that she saw three armed agents; 4) the Magistrate's characterization that Defendant's husband was "asked" and not "ordered" to leave the interview; and 5) the Magistrate crediting Agent Wolfe's testimony that "he spoke in a low tone of voice" and that he told Defendant she was there voluntarily and could leave at any time. *Id.* The Court is unconvinced. The Court finds that the Magistrate's factual and credibility determinations are adequately supported by the record, and Defendant does not provide sufficient evidence to warrant second guessing these findings. *See Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) (when findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings).

Defendant's only other objection is that the Magistrate improperly cited to *Yarborough v. Alvarado*, 541 U.S. 652, 664-65 (2004) to avoid definitively deciding whether Defendant's husband was "asked" or "ordered" to step away. Docket No. 844. Defendant extensively attempts to distinguish *Yarborough* from the instant case. *Id.* However, the Magistrate only cites to *Yarborough* to show that the fact that a police officer rebuffs a family member's efforts to be present at an interview does not automatically mean that the interviewee is in custody. Docket No. 786. The Court agrees with the Magistrate that this issue was not dispositive and would not have changed the Magistrate's ultimate conclusion. Thus, it was unnecessary for the Magistrate to definitively determine whether Defendant's husband was "asked" or "ordered" to leave.

In view of the foregoing, the Court hereby ADOPTS the Magistrate's R&R in its entirety for the reasons stated therein, and, accordingly, DENIES Defendant's Motion to Suppress.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of July, 2017.

S/ Jay A. Garcia-Gregory

Crim No. 15-561 (JAG) 3

JAY A. GARCIA-GREGORY
United States District Judge